**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Elizabeth Nichols CHAGRA and Jamiel Alexander Chagra, Defendants-Appellants.**

No. 83–1202.

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1985.

Warren Burnett, Larry Zinn, Galveston, Tex., for E. Chagra.

Oscar B. Goodman, Las Vegas, Nev., (Court appointed), for J. Chagra.

Annette R. Ouintana, Las Vegas, Nev. (Court appointed), for defendants-appellants.

Edward C. Prado, U.S.Atty., LeRoy Morgan Jahn, W. Ray Jahn, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GEE, REAVLEY and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

Jamiel Alexander Chagra and Elizabeth Nichols Chagra were convicted of attempting to evade the payment of federal income tax in violation of 26 U.S.C. § 7201 (1982). The trial was before a judge, sitting without a jury, on stipulated facts. Finding no merit in this appeal, we affirm.

In April 1979, the Chagras filed a Department of Treasury and Internal Revenue Service Form 1040, United States Individual Income Tax Return, in the Western

District of Texas. The tax return reflected a balance of $629,964.60 in income tax due. The United States attempted to collect the tax through notices sent to the Chagras, but received no response. To obtain payment of the tax, the United States seized various assets owned by the Chagras and acquired them by forfeiture.

From October 1980 until January 1981, Jamiel was placed under court-ordered electronic surveillance while imprisoned at the United States Penitentiary in Leavenworth, Kansas. During this time, several conversations were recorded between Jamiel and his wife, Elizabeth, and between Jamiel and his brother, Joseph. The information obtained from these conversations aided the United States in gathering the evidence necessary to convict the Chagras.

The sole issue on appeal is whether the trial court erred in failing to suppress the fruits of the recorded conversations. As explained in *United States v. Harrelson*, 754 F.2d 1153 (5th Cir.1985) 18 U.S.C. § 2518(5) (1982), requires the interception of privileged communications to be minimized. The Chagras contend that the marital privilege covers their conversations. Jamiel asserts the attorney-client privilege in protection of the conversations he had with his brother, who was an attorney. Like the appellants in *Harrelson*, the Chagras contend that the government failed to minimize the interception of these privileged communications and that it was error for the trial court to admit evidence based on the recordings.

We have disposed of this argument in *Harrelson*. The government was required to minimize the interception of these communications only if they were privileged. *Harrelson*, at 1168. Jamiel discussed means of evading the payment of taxes with Elizabeth and Joseph. These methods included placing assets in others' names, moving assets from the conspirators' residences to other locations, and the conversion of jewelry, land and other assets into cash. They also discussed the need to conceal Elizabeth's expenditures. These conversations were not privileged under the marital or attorney-client privilege because the purpose of the communications was to complete a continuing criminal conspiracy, namely the evasion of income tax payments. *See id.* at 1167, 1168. The district court committed no error when it refused to suppress the fruits of the recorded conversations.

AFFIRMED.